## WINTERINK v. MAYNARD.

1. **Landlord and Tenant:** ESTOPPEL. Where one claiming to be the landlord and entitled to the rent has, by his own acts, acknowledged another to be entitled thereto, and, relying upon such admission, the tenant has made payment to the latter, the party claiming the rent is estopped to enforce his claim against the tenant.

*Appeal from Floyd Circuit Court.*

### MONDAY, DECEMBER 10.

ACTION to recover rent due upon a lease. The cause was tried to the court without a jury, and judgment rendered for defendant. Plaintiff appeals.

*S. P. Leland,* for appellant.

*W. B. Fairfield,* for appellee.

BECK, J.—I. The lease which is the foundation of this action was executed by defendant, as tenant, and G. F. Boulton and Orrin Albee as landlords. It provides for the payment of rent to Albee, and for renewal upon prescribed notice. Albee transferred his interest therein to plaintiff. Under a contract in the form of a lease between Albee and Boulton the former was to have all the rents of the property in payment of certain advances made by him to the latter, which were secured in this manner. This contract was to terminate upon the payment in full of the sum due Albee. The existence of this contract accounts for the fact that Albee and Boulton united in the lease to defendant. It is alleged in the petition that defendant had notice of the contract between Boulton and Albee. The defendant claims that he made a new lease with Boulton, the owner of the property, under which he

occupied the property during the time for which recovery is sought by plaintiff, and that he had no notice of the contract between Boulton and Albee.

The evidence shows that the lease under which defendant went into the possession of the property was renewed, for the term during which the rent accrued that is sought in this action to be recovered, by Boulton alone, with a stipulation for payments to him. The main point in the case involves the question whether Albee was bound by this renewal of the lease. The testimony tends to show that he assented to it, or rather that his assent will be presumed from his acts. It is to this effect: "Boulton directed defendant to make no further payments to Albee, and claimed to Albee himself that he was fully paid, and informed him that he could receive no more upon the lease. Defendant refused to make further payments to Albee without a written order from Boulton. Thereupon such an order was procured for the sum of $50, which was paid. Thereafter defendant paid the rent to Boulton, as his grantee. As to some of these facts the evidence was conflicting, but it is amply sufficient to support the conclusion that the court's findings cannot be disturbed. Albee, having acknowledged the right of Boulton to control the payment of the money by the transaction of the order, cannot, after defendant has acted upon such admission and paid the rent to Boulton, enforce his claim, if he ever had any, against defendant. He is estopped to do this by his own act. The correctness of this conclusion need not be supported by discussion; it is based upon a familiar rule of the law.

II. Albee, after the testimony for the defendant had been introduced, was recalled and testified in rebuttal. Thereupon defendant was permitted, against plaintiff's objection, to introduce testimony to impeach Albee's credibility. This is now made the ground of an objection. If it be conceded that the action of the court in this matter was irregular, it is not an error that demands reversal of the judgment. Plaintiff was permitted without restraint to introduce witnesses to support the credibility of the witness. A greater number testified in his favor than against him. While the impeaching testimony

may be conceded to have been introduced at an improper time in the progress of the case, yet we cannot regard this as an error that wrought prejudice to plaintiff. The order of the introduction of the testimony is alone complained of. Plaintiff was not denied the right to contradict the impeaching testimony, which he exercised to its full extent. No prejudice could have resulted to him from the irregularity made the ground of complaint.

AFFIRMED.